

U.S. Department of Justice

Ronald C. Machen Jr.
United States Attorney

*District of Columbia*

---

*Judiciary Center*
*555 Fourth St., N.W.*
*Washington, D.C. 20530*

October 31, 2013

By Electronic Mail

Michelle Peterson, Esq.
Assistant Federal Public Defender
625 Indiana Avenue, N.W., Suite 550
Washington, D.C. 20004

**FILED**
**DEC 1 2 2013**
Clerk, U.S. District and
Bankruptcy Courts

    Re:   <u>United States v. Eric Justin Toth</u>
           Criminal Case No. 13-CR-313 (RC)

Dear Counsel:

    This letter sets forth the full and complete plea offer to your client, Eric Justin Toth (hereinafter referred to as "your client" or "defendant"), from the Office of the United States Attorney for the District of Columbia (hereinafter also referred to as "the Government" or "this Office"). **This plea offer expires on November 4, 2013.** If your client accepts the terms and conditions of this offer, please have your client execute this document in the space provided below. Upon receipt of the executed document, this letter will become the Plea Agreement (hereinafter "this Agreement" or "Plea Agreement"). This is a Plea Agreement pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C). The terms of the offer are as follows:

    1.    **<u>Charges and Statutory Penalties</u>**

    Your client agrees to plead guilty to a criminal Information, a copy of which is attached, charging your client with three counts of Production of Child Pornography, in violation of 18 U.S.C. § 2251(a), one count of Misuse of a Social Security Number, in violation of 42 U.S.C. § 408(a)(7)(B), and one count of Identity Theft, in violation of 18 U.S.C. § 1028(a)(6).

    As part of this agreement, your client agrees to consent to the transfer of the Indictment currently pending against your client in the United States District Court for the District of Maryland to the United States District Court for the District of Columbia pursuant to Federal

Rule of Criminal Procedure 20 for resolution by guilty plea. The government agrees to dismiss that Indictment at the time of sentencing. In addition, the charges pending against your client in the District Court of Maryland for Montgomery County in Case Number 3D00216394 will be dismissed after sentence has been imposed in this case.

Your client understands that each charge of Production of Child Pornography, in violation of 18 U.S.C. § 2251(a), carries a mandatory minimum sentence of 15 years of imprisonment and a maximum sentence of 30 years of imprisonment; a fine of $250,00, pursuant to 18 U.S.C. § 3571(b)(3); a term of supervised release of not less than 5 years and up to life, pursuant to 18 U.S.C. § 3583(k); mandatory restitution under 18 U.S.C. § 3663A; and an obligation to pay any applicable interest or penalties on fines and restitution not timely made.

Your client understands that the charge of Misuse of a Social Security Number, in violation of 42 U.S.C. § 408(a)(7)(B), carries a maximum sentence of 5 years; a fine of $250,000 or twice the pecuniary gain or loss of the offense, pursuant to 18 U.S.C. § 3571(b)(3); a term of supervised release of not more than 3 years, pursuant to 18 U.S.C. § 3583(b)(2); restitution under 18 U.S.C. §§ 2259 or 3364; and an obligation to pay any applicable interest or penalties on fines and restitution not timely made.

Your client understands that the charge of Identity Theft, in violation of 18 U.S.C. § 1028(a)(6), carries a maximum sentence of 5 years pursuant to 18 U.S.C. § 1028(b)(2)(A); a fine of $250,000 or twice the pecuniary gain or loss of the offense, pursuant to 18 U.S.C. § 3571(b)(3); a term of supervised release of not more than 3 years, pursuant to 18 U.S.C. § 3583(b)(2); mandatory restitution under 18 U.S.C. § 3663A; and an obligation to pay any applicable interest or penalties on fines and restitution not timely made.

In addition, your client agrees to pay a special assessment of $100 for <u>each</u> felony conviction to the Clerk of the United States District Court for the District of Columbia prior to the date of sentencing. Your client also understands that, pursuant to 18 U.S.C. § 3572 and § 5E1.2 of the United States Sentencing Commission, *Guidelines Manual* (2013) (hereinafter "Sentencing Guidelines," "Guidelines," or "U.S.S.G."), the Court may also impose a fine that is sufficient to pay the federal government the costs of any imprisonment, term of supervised release, and period of probation.

You client understands that the Court will determine whether to impose sentence on each count concurrently or consecutively based upon any applicable statutory provisions and principles of the Sentencing Guidelines.

2.      **Factual Stipulations**

Your client agrees that the attached "Statement of Offense" fairly and accurately describes your client's actions and involvement in the offenses to which your client is pleading guilty. Please have your client sign and return the Statement of Offense as a written proffer of evidence, along with this plea agreement.

### 3. **Additional Charges**

In consideration of your client's plea to the above offense, your client will not be further prosecuted criminally for the conduct set forth in the attached Statement of Offense by this Office, the United States Attorney's Office for the District of Maryland, the United States Attorney's Office for the Western District of Wisconsin, the United States Attorney's Office for the District of Minnesota, the United States Attorney's Office for the District of Arizona, the United States Attorney's Office for the Western District of Texas, the United States Attorney's Office for the Southern District of Florida, and the Office of the State's Attorney for Montgomery County, Maryland. Your client agrees that any and all dismissed charges were based in fact, and your client is not a "prevailing party" within the meaning of the "Hyde Amendment," § 617, P.L. 105-119, Title VI (Nov. 26, 1997), and will not file any claim under that law.

### 4. **Agreed Sentence Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C)**

Pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, your client and the Government agree that a sentence of between 22 and 30 years of incarceration, followed by at least 300 months (25 years) of supervised release, is the appropriate sentence for the offense to which your client is pleading guilty. This Agreement with respect to the appropriate sentence affects only the term of incarceration and minimum term of supervised release. The Court may impose other applicable statutory provisions as part of the sentence, including specifically fines and other conditions of supervised release.

#### A. Acceptance of Agreement by the Court

The Government agrees, pursuant to Rule 11(c)(1)(C), to present this Agreement between the parties to the Court for its approval. In accordance with Rule 11(c)(4) and (5), the Court may accept or reject this Agreement. If the Court accepts the Agreement, the Court will sentence your client to between 22 and 30 years of incarceration, followed by at least 300 months (25 years) of supervised release. The parties agree that this Office and your client retain their full rights to allocute for any sentence within the agreed sentencing range. Your client understands, however, that the sentence to be imposed within the range to which the parties agree in this Agreement is a matter solely within the discretion of the Court. The parties further agree that the sentence imposed within that range will be determined by the Court after considering the factors set forth in 18 U.S.C. § 3553(a) and the applicable guideline range under the United States Sentencing Commission, *Guidelines Manual* (2013) (hereinafter "Sentencing Guidelines" or "U.S.S.G."), discussed below. Your client understands that if the Court accepts this agreement, then the Court will embody in the judgment and sentence the disposition provided for in this Agreement, pursuant to Rule 11(c)(4) of the Federal Rules of Criminal Procedure.

### B.  Rejection of this Agreement by the Court

The parties understand that the Court may not agree that the sentence agreed to by the parties is an appropriate one and may reject this Agreement pursuant to Rule 11(c)(5) of the Federal Rules of Criminal Procedure.  Your client understands that if this happens, the Court, in accordance with the requirements of Rule 11(c)(5), will inform the parties of its rejection of the Agreement, and will afford your client an opportunity to withdraw the plea or maintain the plea. If your client elects to maintain the plea, the Court will inform your client that a final disposition may be less favorable to your client than that contemplated by this Agreement.  Your client further understands that if the Court rejects the Agreement, the Government also has the right to withdraw from this Agreement and to be freed from all obligations under the agreement, and may in its sole discretion bring different or additional charges before your client enters any guilty plea in this case.

If the Court rejects the Agreement, your client elects to maintain this plea, and the Government does not exercise its right to withdraw from the Agreement, the parties agree that your client will be sentenced upon consideration of the factors set forth in 18 U.S.C. § 3553(a) and the Sentencing Guidelines.  Your client further understands that, in such case, the sentence to be imposed is a matter solely within the discretion of the Court, and the Court is not obligated to impose a sentence within the Sentencing Guidelines range or to follow any recommendation of the Government at the time of sentencing.

### 5.  Sentencing Guidelines Analysis

In accordance with Section 4 above, your client understands that, but for the above-described agreed sentence pursuant to Rule 11(c)(1)(C), the sentence in this case would be determined by the Court, pursuant to the factors set forth in 18 U.S.C. § 3553(a), including a consideration of the guidelines and policies promulgated by the Sentencing Guidelines.  Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B), and to assist the Court in determining the appropriate sentence, the parties agree to the following:

### A.  Estimated Offense Level Under the Guidelines

The parties agree that the following Sentencing Guidelines sections apply:

**Production of Child Pornography (Count 1)**

| | | | |
|---|---|---|---|
| U.S.S.G. § 2G2.1 | Base Offense Level | | 32 |
| | Specific Offense Characteristics | | |
| (b)(1) | victim under 12 | | 4 |
| (b)(5) | victim under supervision & control | | 2 |
| | | Total | 38 |

**Production of Child Pornography (Count 2)**

| | | | |
|---|---|---|---|
| U.S.S.G. § 2G2.1 | Base Offense Level | | 32 |

|            | Specific Offense Characteristics |       |    |
|------------|----------------------------------|-------|----|
| (b)(1)     | victim under 12                  |       | 4  |
| (b)(5)     | victim under supervision & control |     | 2  |
|            |                                  | Total | 38 |

**Production of Child Pornography (Count 3)**

| U.S.S.G. § 2G2.1 | Base Offense Level |       | 32 |
|------------------|--------------------|-------|----|
|                  | Specific Offense Characteristics |  |   |
| (b)(1)           | victim under 12    |       | 4  |
| (b)(2)(A)        | sexual contact     |       | 2  |
|                  |                    | Total | 38 |

**Misuse of a Social Security Number (Count 4)**

| U.S.S.G. § 2B1.1 | Base Offense Level |       | 6 |
|------------------|--------------------|-------|---|
|                  |                    | Total | 6 |

**Identity Theft (Count 5)**

| U.S.S.G. § 2B1.1 | Base Offense Level |       | 6 |
|------------------|--------------------|-------|---|
|                  | Specific Offense Characteristics |  |  |
| (b)(11)(C)(i)    | unauthorized use to obtain ID |  | 6 |
|                  |                    | Total | 12 |

Multiple Count Adjustment

In addition to the above-charged counts and as set forth in the Statement of Offense, the defendant committed several uncharged instances of production of child pornography and attempted production of child pornography. Pursuant to U.S.S.G. § 2G2.1(d)(1), "If the offense involved the exploitation of more than one minor, Chapter Three, Part D (Multiple Counts) shall be applied as if the exploitation of each minor had been contained in a separate count of conviction." The parties agree that pursuant to U.S.S.G. §§ 3D1.2 and 3D1.4, five levels are added to the highest offense level (38), for a combined offense level of 43.[1]

---

[1]  It is the government's position that each separate instance of production of child pornography and attempted production of child pornography constitutes its own group under § 3D1.2. Specifically, this case involves a total of 23 separate instances of production or attempted production of child pornography involving 17 different victims. Each instance would have the same offense level as the charged counts (38), or would be between 1 and 4 levels less serious. None of the separate instances groups together under any of the provisions of § 3D1.2. Accordingly, each one of the 23 instances constitutes its own group (Groups 1-23). Counts 4 and 5 group together pursuant to § 3D1.2(d) and thus constitute Group 24. Pursuant to § 3D1.4, Groups 1-23 (consisting of Counts 1, 2, 3, and the 20 uncharged instances) are each assigned 1 unit. Group 24 (Counts 4 and 5) is assigned zero units. With a total of 23 units, five levels are added to the highest offense level (38), for a combined level of 43. Even if each victim – as

Acceptance of Responsibility:

The Government agrees that a 2-level reduction will be appropriate, pursuant to U.S.S.G. § 3E1.1, provided that your client clearly demonstrates acceptance of responsibility, to the satisfaction of the Government, through your client's allocution, adherence to every provision of this Agreement, and conduct between entry of the plea and imposition of sentence. Furthermore, assuming your client has accepted responsibility as described in the previous sentence, the Government agrees that an additional 1-level reduction will be appropriate, pursuant to U.S.S.G § 3E1.1(b), because your client has assisted authorities by providing timely notice of your client's intention to enter a plea of guilty, thereby permitting the Government to avoid preparing for trial and permitting the Court to allocate its resources efficiently.

Nothing in this Agreement limits the right of the Government to seek denial of the adjustment for acceptance of responsibility, pursuant to U.S.S.G. § 3E1.1, and/or imposition of an adjustment for obstruction of justice, pursuant to U.S.S.G. § 3C1.1, regardless of any agreement set forth above, should your client move to withdraw this guilty plea after it is entered, or should it be determined by the Government that your client has either (a) engaged in conduct, unknown to the Government at the time of the signing of this Agreement, that constitutes obstruction of justice, or (b) engaged in additional criminal conduct after signing this Agreement.

In accordance with the above, the applicable Guidelines Offense Level will be at least 40.

### B. Estimated Criminal History Category

Based upon the information now available to this Office (including the representations by the defense), your client has no criminal convictions.

Accordingly, your client is estimated to have no criminal history points and your client's Criminal History Category is estimated to be I. Your client acknowledges that if additional convictions are discovered during the pre-sentence investigation by the United States Probation Office, your client's criminal history points may increase.

### C. Estimated Applicable Guidelines Range

Based upon the agreed total offense level and the estimated criminal history category set forth above, your client's estimated Sentencing Guidelines range is 292 months to 365 months (the "Estimated Guidelines Range"). In addition, the parties agree that, pursuant to U.S.S.G. §

---

opposed to each instance – of production or attempted production of child pornography is considered a separate group, the combined offense level is still increased by 5 levels for a total of 43.

5E1.2, should the Court impose a fine, at Guidelines level 40, the estimated applicable fine range is $25,000 to $250,000.

The parties agree that, solely for the purposes of calculating the applicable range under the Sentencing Guidelines, neither a downward nor upward departure from the Estimated Guidelines Range set forth above is warranted. Accordingly, neither party will seek any departure or adjustment to the Estimated Guidelines Range, nor will either party suggest that the Court consider such a departure or adjustment, except as provided infra. Moreover your client understands and acknowledges that the Estimated Guidelines Range agreed to by the parties is not binding on the Probation Office or the Court. Should the Court determine that a different Guidelines Range is applicable, neither the government nor your client will be permitted to withdraw your client's guilty plea on that basis.

Your client understands and acknowledges that the terms of this section apply only to conduct that occurred before the execution of this Agreement. Should your client commit any conduct after the execution of this Agreement that would form the basis for an increase in your client's base offense level or justify an upward departure (examples of which include, but are not limited to, obstruction of justice, failure to appear for a court proceeding, criminal conduct while pending sentencing, and false statements to law enforcement agents, the probation officer, or the Court), the Government is free under this Agreement to seek an increase in the base offense level based on that post-agreement conduct.

6. **Court Not Bound By Plea** (applicable only where Court rejects Rule 11(c)(1)(C) plea)

In accordance with Section 4.B above, should the Court reject this Agreement, your client elect to maintain the plea, and the Government fail to exercise its right to withdraw from the Agreement, the parties further agree that a sentence within the Estimated Guidelines Range would constitute a reasonable sentence in light of all of the factors set forth in 18 U.S.C. § 3553(a). However, your client reserves the right to seek a sentence below the Estimated Guidelines Range based upon factors to be considered in imposing a sentence pursuant to 18 U.S.C. § 3553(a), and the Government reserves the right to seek a sentence above the Estimated Guidelines Range based on § 3553(a) factors.

Your client understands that should the Court reject this Agreement, your client elect to maintain the plea, and the Government fail to exercise its right to withdraw from the Agreement, the sentence in this case will be imposed in accordance with 18 U.S.C. § 3553(a), upon consideration of the Sentencing Guidelines. Your client further understands that the sentence to be imposed is a matter solely within the discretion of the Court. Your client acknowledges that the Court is not obligated to follow any recommendation of the Government at the time of sentencing. Your client understands that neither the Government's recommendation nor the Sentencing Guidelines are binding on the Court.

Your client acknowledges that should the Court reject this Agreement, your client elect to maintain the plea, and the Government fail to exercise its right to withdraw from this Agreement,

your client's entry of a guilty plea to the charged offense authorizes the sentencing court to impose any sentence, up to and including the statutory maximum sentence, which may be greater than the applicable Guidelines range. The Government cannot, and does not, make any promise or representation as to what sentence your client will receive should the Court reject the Agreement, your client elect to maintain the plea, and the Government fail to exercise its right to withdraw from the Agreement. Moreover, it is understood that your client will have no right to withdraw your client's plea of guilty should the Court impose a sentence that is outside the Guidelines range or if the Court does not follow the Government's sentencing recommendation.

### 7. Reservation of Allocution

Your client understands that the Government reserves the right to describe fully, both orally and in writing, to the sentencing judge the nature and seriousness of your client's misconduct, including any misconduct not described in the charges to which your client is pleading guilty. Your client reserves the right to make a full allocution at sentencing, including presenting any relevant mitigating factors. The Government and your client each reserve the right to inform the presentence report writer and the Court of any relevant facts, to dispute any factual inaccuracies in the presentence report, and to contest any matters not provided for in this Agreement. In the event that the Court considers any Sentencing Guidelines adjustments, departures, or calculations different from any agreements contained in this Agreement, or contemplates a sentence outside the Guidelines range based upon the general sentencing factors listed in 18 U.S.C. § 3553(a), the parties reserve the right to answer any related inquiries from the Court. In addition, if in this Agreement the Government has agreed to recommend or refrain from recommending to the Court a particular resolution of any sentencing issue, the Government reserves its right to full allocution in any post-sentence litigation in order to defend the Court's ultimate decision on such issues. Your client further understands that the Government retains its full right of allocution in connection with any post-sentence motion which may be filed in this matter and/or any proceeding(s) before the Bureau of Prisons. In addition, your client acknowledges that the Government is not obligated and does not intend to file any post-sentence downward departure motion in this case pursuant to Rule 35(b) of the Federal Rules of Criminal Procedure.

### 8. Conditions of Release

Your client agrees not to object to the Government's recommendation to the Court at the time of the plea of guilty in this case that your client be detained without bond pending your client's sentencing in this case, pursuant to 18 U.S.C. § 3143.

### 9. Waivers

#### A. Waiver of Venue

Your client waives any challenge to venue in the District of Columbia.

### B. Waiver of Statute of Limitations

Your client agrees that, should the conviction following your client's plea of guilty pursuant to this Agreement be vacated for any reason, any prosecution that is not time-barred by the applicable statute of limitations on the date of the signing of this Agreement (including any counts that the Government has agreed not to prosecute or to dismiss at sentencing pursuant to this Agreement) may be commenced or reinstated against your client, notwithstanding the expiration of the statute of limitations between the signing of this Agreement and the commencement or reinstatement of such prosecution. It is the intent of this Agreement to waive all defenses based on the statute of limitations with respect to any prosecution that is not time-barred on the date that this Agreement is signed.

### C. Waiver of Trial Rights

Your client represents to the Court that your client's attorney has rendered effective assistance. Your client understands that by pleading guilty in this case your client agrees to waive certain rights afforded by the Constitution of the United States and/or by statute or rule. Your client agrees to forego the right to any further discovery or disclosures of information not already provided at the time of the entry of your client's guilty plea. Your client also agrees to waive, among other rights, the right to be indicted by a Grand Jury, the right to plead not guilty, and the right to a jury trial. If there were a jury trial, your client would have the right to be represented by counsel, to confront and cross-examine witnesses against your client, to compel witnesses to appear for the purpose of testifying and presenting other evidence on your client's behalf, and to choose whether to testify. If there were a jury trial and your client chose not to testify at that trial, your client would have the right to have the jury instructed that your client's failure to testify could not be held against your client. Your client would further have the right to have the jury instructed that your client is presumed innocent until proven guilty, and that the burden would be on the United States to prove your client's guilt beyond a reasonable doubt. If your client were found guilty after a trial, your client would have the right to appeal this conviction. Your client understands that the Fifth Amendment to the Constitution of the United States protects your client from the use of self-incriminating statements in a criminal prosecution. By entering a plea of guilty, your client knowingly and voluntarily waives or gives up your client's right against self-incrimination.

Your client acknowledges discussing with you Rule 11(f) of the Federal Rules of Criminal Procedure and Rule 410 of the Federal Rules of Evidence, which ordinarily limit the admissibility of statements made by a your client in the course of plea discussions or plea proceedings if a guilty plea is later withdrawn. Your client knowingly and voluntarily waives the rights that arise under these rules in the event your client withdraws this guilty plea or withdraws from this Agreement after signing it. Your client waives any right to claim that statements made before or after the date of this Agreement, including the Statement of Offense accompanying this Agreement, can be excluded under Rule 410 and Rule 11(f), the Sentencing Guidelines, or any other provision of the Constitution or federal law.

Your client also agrees to waive all constitutional and statutory rights to a speedy sentence and agrees that the plea of guilty pursuant to this Agreement will be entered at a time decided upon by the parties with the concurrence of the Court. Your client understands that the date for sentencing will be set by the Court.

### D.     Waiver of Appeal Rights

Your client understands that federal law, specifically 18 U.S.C. § 3742, affords defendants the right to appeal their sentences in certain circumstances. Your client agrees to waive the right to appeal the sentence in this case, including any term of imprisonment, fine, award of restitution, term of supervised release, and the manner in which the sentence was determined, except to the extent the Court sentences your client above the statutory maximum or guidelines range determined by the Court, in which case your client would have the right to appeal the illegal sentence or above-guidelines sentence, but not to raise on appeal other issues regarding the sentencing. In agreeing to this waiver, your client is aware that your client's sentence has yet to be determined by the Court. Realizing the uncertainty in estimating what sentence the Court ultimately will impose, your client knowingly and willingly waives your client's right to appeal the sentence, to the extent noted above, in exchange for the concessions made by the Government in this Agreement.

### E.     Waiver of Collateral Attack

Your client also waives any right to challenge the conviction or sentence or otherwise attempt to modify or change the sentence or the manner in which it was determined in any collateral attack, including, but not limited to, (a) a motion brought under 28 U.S.C. § 2255, except to the extent such a motion is based on newly discovered evidence or on a claim that your client received ineffective assistance of counsel in entering into this Agreement or during sentencing; (b) a motion brought under 18 U.S.C. § 3582(c)(2); and (c) a motion brought under Federal Rule of Civil Procedure 60(b).

### F.     Waiver of Privacy Act and FOIA Rights.

Your client also agrees to waive all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including and without limitation any records sought under the Freedom of Information Act, 5 U.S.C. § 552, or the Privacy Act, 5 U.S.C. § 552a.

### 11.    Restitution

Your client understands that the Court has an obligation to determine whether, and in what amount, mandatory restitution applies in this case under 18 U.S.C. § 3663A, and whether, and in what amount, restitution applies under 18 U.S.C. §§ 2259 and 3664 or any other provision.

Because the government may not yet have identified all victims of your client's crime or know whether restitution will be requested, your client understands that the government will request that the Court order restitution for any identified victim for the full amount of his/her losses that were caused by your client's crime that is the subject of this plea agreement. Your client understands that an unanticipated request for restitution by a victim(s) or an unanticipated amount of a restitution ordered by the Court will not serve as grounds to withdraw your client's guilty plea. Your client also understands that the Court may not decline to order restitution because of your client's economic circumstances or the fact that the victim(s) have, or may be entitled to, receive compensation for any losses from any other source.

Payments of restitution shall be made to the Clerk of the Court. In order to facilitate the collection of financial obligations to be imposed in connection with this prosecution, your client agrees to disclose fully all assets in which your client has any interest or over which your client exercises control, directly or indirectly, including those held by a spouse, nominee or other third party. Your client agrees to submit a completed financial statement on a standard financial disclosure form which has been provided to you with this Agreement to the Financial Litigation Unit of the United States Attorney's Office, as it directs. If you do not receive the disclosure form, your client agrees to request one from usadc.ecfflu@usa.doj.gov. Your client will complete and electronically provide the standard financial disclosure form to usadc.ecfflu@usa.doj.gov within 10 business days of the execution of this Agreement. Your client agrees to be contacted by the Financial Litigation Unit of the United States Attorney's Office, through defense counsel, to complete a financial statement. Upon review, if there are any follow-up questions, your client agrees to cooperate with the Financial Litigation Unit. Your client promises that the financial statement and disclosures will be complete, accurate and truthful, and understands that any willful falsehood on the financial statement could be prosecuted as a separate crime punishable under 18 U.S.C. § 1001, which carries an additional five years' incarceration and a fine.

Your client expressly authorizes the United States Attorney's Office to obtain a credit report on your client in order to evaluate your client's ability to satisfy any financial obligations imposed by the Court or agreed to herein.

Your client understands and agrees that the restitution or fines imposed by the Court will be due and payable immediately and subject to immediate enforcement by the United States. If the Court imposes a schedule of payments, your client understands that the schedule of payments is merely a minimum schedule of payments and will not be the only method, nor a limitation on the methods, available to the United States to enforce the criminal judgment. If your client is sentenced to a term of imprisonment by the Court, your client agrees to participate in the Bureau of Prisons' Inmate Financial Responsibility Program, regardless of whether the court specifically imposes a schedule of payments.

Your client certifies that your client has made no transfer of assets in contemplation of this prosecution for the purpose of evading or defeating financial obligations that are created by this Agreement and/or that may be imposed by the Court. In addition, your client promises to

make no such transfers in the future until your client has fulfilled the financial obligations under this Agreement.

12. **Forfeiture**

The Government and your client hereby agree that the computers, computer media, computer peripherals, and other items described below, and currently in the custody and/or control of the Federal Bureau of Investigation were properly seized and were involved in or intended to be used in violation of federal law by the defendant.

Items seized from your client's classroom and closet at the Beauvoir School on various dates starting on June 9, 2008:

- Extreme III SanDisk 2.0 GB Serial No. BE07132022992B
- 2 Olympus Digital Voice Recorders
- 3 Home Guard Digital Video Capture Cameras
- Digital Photo Key Chain
- Kingston Technology Memory Card
- Kingston Technology Hi Speed Reader
- Camera and wires
- HP Notebook Laptop Computer Serial No. 2CE7310CW8
- Sony Cyber-Shot Digital Camera Serial No. 587829
- Sony Cyber-Shot Digital Camera Serial No. 587861
- Sony Handy Cam Video Recorder Serial No. 340312
- Canon Digital Voice Recorder Serial No. 4711100817

Items seized from a home in Maryland where your client was staying prior to his disappearance, recovered on or about June 27, 2008:

- Pioneer XM Radio Receiver
- New Sprint Phone in the box Serial # HEX A0000005406E1F

Item seized from the car in Minnesota which your client abandoned at the airport in June 2008:

- Thumb drive on keychain

Items seized from your client's residence in Nicaragua on April 20, 2013:

- Canon digital camera
- Seagate Hard Drive Serial No. 5VJC1L05
- Seagate Hard Drive Serial No. 5YV00JQY
- WD Hard Drive Serial No. WX91A92A3749 and HP laptop
- Plant First Hard Drive Serial No. SOY8NEAC404601 and HP laptop

Your client agrees that these items are subject to seizure and forfeiture by the United States, and that no defense exists to the seizure and forfeiture of this property by the United States. As such, your client hereby relinquishes all claim, title, and interest he has in the above-referenced property to the United States of America and consents to the civil, administrative, or judicial forfeiture of the property. Your client agrees that he will not file a claim to this property and withdraws any claim for the property that he may have filed. Your client knowingly and voluntarily waives any right to notice provided for in 18 U.S.C. § 983. Your client also hereby consents to the property's destruction by the law enforcement agency. Your client certifies that, with the exception of the property seized from the Beauvoir School, he is the sole owner of the property listed above, and that no one else has an ownership interest in this property. Your client admits that some of the property seized from the Beauvoir School may have belonged to or been provided by the Beauvoir School.

Your client agrees to waive all constitutional and statutory challenges in any manner (including, but not limited to, direct appeal) to any forfeiture carried out in accordance with this plea agreement on any grounds, including that the forfeiture constitutes an excessive fine or punishment.

### 13. Sex Offender Registration

Your client acknowledges and agrees that, pursuant to the Sex Offender Registration and Notification Act, 18 U.S.C § 2250, 42 U.S.C. §§ 169113)(B), and 16915(a)(2), your client is required to register as a sex offender for a minimum period of 25 years, and to keep the registration current in jurisdictions where your client resides, where your client is employed and where your client is a student. Your client understands that the requirements for registration include providing your client's name, residence address, and the names and addresses of any places where your client will be employed or a student, among other information. Your client understands that should your client knowingly fail to comply with your client's obligations under the Sex Offender Registration and Notification Act, pursuant to 18 U.S.C. § 2250, your client could be prosecuted for the offense of failure to register as a sex offender and subject to a term of up to ten years imprisonment, a fine or both. Your client further understands that compliance with the requirements of the Sex Offender Registration and Notification Act is a specific condition of supervised release pursuant to 18 U.S.C. § 3583 and that failure to comply with your client's obligations under the Act could subject your client to revocation of supervised release in addition to prosecution for the felony offense of failure to register.

### 14. Breach of Agreement

Your client understands and agrees that, if after entering this Agreement, your client fails specifically to perform or to fulfill completely each and every one of your client's obligations under this Agreement, or engages in any criminal activity prior to sentencing, your client will have breached this Agreement. In the event of such a breach: (a) the Government will be free from its obligations under the Agreement; (b) your client will not have the right to withdraw the guilty plea; (c) your client will be fully subject to criminal prosecution for any other crimes,

including perjury and obstruction of justice; and (d) the Government will be free to use against your client, directly and indirectly, in any criminal or civil proceeding, all statements made by your client and any of the information or materials provided by your client, including such statements, information and materials provided pursuant to this Agreement or during the course of any debriefings conducted in anticipation of, or after entry of, this Agreement, whether or not the debriefings were previously characterized as "off the record" debriefings, and including your client's statements made during proceedings before the Court pursuant to Rule 11 of the Federal Rules of Criminal Procedure.

Your client understands and agrees that the Government shall only be required to prove a breach of this Agreement by a preponderance of the evidence. Your client further understands and agrees that the Government need only prove a violation of federal, state, or local criminal law by probable cause in order to establish a breach of this Agreement.

Nothing in this Agreement shall be construed to permit your client to commit perjury, to make false statements or declarations, to obstruct justice, or to protect your client from prosecution for any crimes not included within this Agreement or committed by your client after the execution of this Agreement. Your client understands and agrees that the Government reserves the right to prosecute your client for any such offenses. Your client further understands that any perjury, false statements or declarations, or obstruction of justice relating to your client's obligations under this Agreement shall constitute a breach of this Agreement. In the event of such a breach, your client will not be allowed to withdraw this guilty plea.

### 15. Government's Obligations

The Government will file the above-mentioned criminal Information with the United States District Court for the District of Columbia for the purpose of your client's plea of guilty to the charge(s) contained therein and will dismiss any Indictment currently pending against your client at the time of sentencing. Your client, however, agrees and acknowledges that the charges to be dismissed at the time of sentencing were based in fact. In addition, the charges pending against your client in the District Court of Maryland for Montgomery County in Case Number 3D00216394 will be dismissed after sentence has been imposed in this case.

### 16. Complete Agreement

No agreements, promises, understandings, or representations have been made by the parties or their counsel other than those contained in writing herein, nor will any such agreements, promises, understandings, or representations be made unless committed to writing and signed by your client, defense counsel, and an Assistant United States Attorney for the District of Columbia.

Your client further understands that this Agreement is binding only upon the Criminal and Superior Court Divisions of the United States Attorney's Office for the District of Columbia, the United States Attorney's Office for the District of Maryland, the United States Attorney's

Office for the Western District of Wisconsin, the United States Attorney's Office for the District of Minnesota, the United States Attorney's Office for the District of Arizona, the United States Attorney's Office for the Western District of Texas, the United States Attorney's Office for the Southern District of Florida, and the Office of the State's Attorney for Montgomery County, Maryland. This Agreement does not bind the Civil Division of this Office or any other United States Attorney's Office, nor does it bind any other state, local, or federal prosecutor. It also does not bar or compromise any civil, tax, or administrative claim pending or that may be made against your client.

If the foregoing terms and conditions are satisfactory, your client may so indicate by signing this Agreement and the Statement of Offense, and returning both to me no later than November 4, 2013.

Sincerely yours,

*Ronald C. Machen Jr. / Kaff*
RONALD C. MACHEN JR.
United States Attorney

By: *Cassidy Kesler Pinegar*
Cassidy Kesler Pinegar
Assistant United States Attorney

## DEFENDANT'S ACCEPTANCE

I have read every page of this Agreement and have discussed this Agreement with my attorney, Michelle Peterson. I fully understand this Agreement and agree to it without reservation. I do this voluntarily and of my own free will, intending to be legally bound. No threats have been made to me nor am I under the influence of anything that could impede my ability to understand this Agreement fully. I am pleading guilty because I am in fact guilty of the offense identified in this Agreement.

I reaffirm that absolutely no promises, agreements, understandings, or conditions have been made or entered into in connection with my decision to plead guilty except those set forth in this Agreement. I am satisfied with the legal services provided by my attorney in connection with this Agreement and matters related to it.

Date: 12/12/13

Eric Justin Toth
Defendant

## ATTORNEY'S ACKNOWLEDGMENT

I have read every page of this Agreement, reviewed this Agreement with my client, Eric Justin Toth, and fully discussed the provisions of this Agreement with my client. These pages accurately and completely set forth the entire Agreement. I concur in my client's desire to plead guilty as set forth in this Agreement.

Date: 12/12/13

Michelle Peterson
Attorney for your client