FILED
DEC 1 2 2013
Clerk, U.S. District and
Bankruptcy Courts

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CASE NO. 13-CR-313 (RC) |
| | : | |
| v. | : | |
| | : | |
| ERIC JUSTIN TOTH, | : | |
| Defendant. | : | |
| | : | |

## STATEMENT OF THE OFFENSE

The parties in this case, the United States of America and the defendant, ERIC JUSTIN TOTH, stipulate and agree that the following facts are true and accurate. These facts do not constitute all of the facts known to the parties concerning the charged offense; they are being submitted to demonstrate that sufficient facts exist that the defendant committed the offenses to which he is pleading guilty, Production of Child Pornography, in violation of 18 U.S.C. § 2251(a), Misuse of a Social Security Number, in violation of 42 U.S.C. § 408(a)(7)(B), and Identity Theft, in violation of 18 U.S.C. §§ 1028(a)(6), (b)(2)(A).

### Statement of Facts

A.   **Production of Child Pornography in Wisconsin in 2005**

During the summer of 2005, the defendant was working as a counselor at a camp for children located in Wisconsin. The defendant was a counselor for boys in the third and fourth grades. As a senior camp counselor, the defendant stayed in the cabin overnight with the campers. On or about July 20, 2005, the defendant took five photographs and two videos of child victim 1 while child victim 1 was sleeping. At the time, child victim 1 was 10 years old and the defendant was child victim 1's camp counselor. Two of the photographs and both of the

videos depict child pornography; specifically, the images and videos focus on child victim 1's penis, which is exposed through a flap in his boxer shorts.

### B. Production of Child Pornography in D.C. in 2006 and 2007

In August 2005, the defendant began working as a third-grade teacher at the Beauvoir National Cathedral School (Beauvoir School) located in the District of Columbia. The defendant was an associate teacher in the 2005-2006 school year, meaning he was paired with a senior "directing" teacher. The defendant was a directing teacher in the 2006-2007 and 2007-2008 school years.

On or about May 14, 2006, the defendant took a video of child victim 2 in a classroom at the Beauvoir School in the District of Columbia. At the time, child victim 2 was 10 years old and was a student in the defendant's class. The video shows child victim 2 standing on an object. Child victim 2 is not wearing a shirt and, during the video, the defendant pulls down the child's shorts and boxer shorts, exposing the child's penis. The camera is focused on the child's penis. It is not apparent from the video whether child victim 2 was aware that he was being filmed.

On or about May 15, 2006, the defendant took approximately 13 photographs of child victim 2 at the Beauvoir School in the District of Columbia. At the time, child victim 2 was 10 years old and was a student in the defendant's class. Six of the photographs depict child pornography; specifically, the images focus on the child's penis, which is exposed because the child's shorts are being held away from the child's body at the waistband. It is not apparent from the images depicting child pornography whether child victim 2 was aware that he was being photographed in that manner.

### C.  Production of Child Pornography in Maryland in 2007

On or about August 23, 2007, the defendant took one video and five photographs of child victim 2 while child victim 2 was sleeping at a location in Maryland. At the time, child victim 2 was 11 years old, and the defendant had access to the Maryland location. The video and four of the photographs depict child pornography; specifically, the video and images show the defendant pulling down the child's boxer shorts to expose the child's penis, using his finger to move the child's penis so that it is pointing toward the camera and then moving the child's penis back and forth.

On or about August 26, 2007, the defendant took five photographs of child victim 2 while child victim 2 was sleeping at a location in Maryland. At the time, child victim 2 was 11 years old, and the defendant had access to the Maryland location. The photographs depict child pornography; specifically, the photographs show the child's penis being exposed by pulling up the leg of the child's athletic shorts while the child is lying down.

### D.  Production and Attempted Production of Child Pornography Using Hidden Cameras Placed in Bathrooms in D.C. and Maryland

Between on or about August 1, 2005, and June 9, 2008, the defendant placed two cameras disguised as air fresheners in various locations, including in the bathroom of a location in Maryland and in the bathroom of the Beauvoir School in the District of Columbia. The cameras captured at least four videos that depict or attempt to depict child pornography, each of which was taken on a different date. Video 1 of camera 1 shows child victim 2 taking off his clothes and getting in and out of the shower in the bathroom of a location in Maryland. The camera is aimed at the shower area, and the child's penis and buttocks are shown. Video 2 of camera 1 shows child victim 2 taking off his clothes and getting in and out of the shower in the bathroom of a location in Maryland. The camera is aimed at the shower area, and the child's

penis and buttocks are shown. Video 3 of camera 1 shows child victim 2 taking off his clothes and putting on swim trunks in the bathroom of a location in Maryland. The child's penis and buttocks are shown. Video 1 of camera 2 shows the same scene as video 3 of camera 1 from a different angle. Video 2 of camera 2 was filmed in the stall of a bathroom at the Beauvoir School in the District of Columbia. The camera was mounted above the toilet. The recording captured 15 children, 12 different boys and 3 different girls, going to the bathroom. The video shows – and focuses on – the penises of 11 different boys, all of whom are prepubescent, while the boys are urinating. The video also shows the buttocks of the 3 girls. Three of the minor children were able to be identified based on the video: child victim 3, child victim 4, and child victim 5. All three children were in the defendant's class during the 2007-2008 school year and were less than 10 years of age.

### E.     Discovery of Child Pornography in D.C. in 2008

On June 9, 2008, a camera was located at the Beauvoir School in the District of Columbia and was determined to contain images depicting child pornography. The camera was assigned to and/or used by the defendant. School administrators called the police and security officers immediately escorted the defendant from the school campus. The defendant left the jurisdiction soon thereafter.

On June 19, 2008, a media card was located at the Beauvoir School in the District of Columbia and was determined to contain images and one video depicting child pornography. The media card was in the defendant's classroom and/or storage closet. In addition, three cameras disguised as air fresheners were located in the defendant's classroom and/or storage closet. Two of the three air freshener cameras contained images that depicted or attempted to depict child pornography as described above.

4

### F. Discovery of Child Pornography in Minnesota in 2008

On August 12, 2008, airport employees at the Minneapolis/St. Paul Airport in Minnesota located the defendant's car in a parking garage. It was later determined that the defendant's car entered the parking area on June 14, 2008, and had been abandoned there. An apparent suicide note was observed on the seat of the car. Law enforcement located a thumb drive on a keychain left in the car that contained images and videos depicting child pornography, including all of the child pornography described above except the videos filmed on the air freshener cameras.

### G. Discovery of Child Pornography in Arizona in 2009

In June 2009, law enforcement learned that the defendant had been living and working at a homeless shelter in Phoenix, Arizona, under an assumed name, since approximately August 2008. The defendant left the Phoenix area before he was located by law enforcement. During the course of its investigation of the defendant, law enforcement analyzed a laptop computer that had been used by the defendant when he was in Arizona. Law enforcement located approximately twenty images depicting child pornography, as well as numerous images and at least two videos of child erotica,[1] on the laptop computer. The defendant had a password-protected user account on the computer.

### H. Misuse of a Social Security Number

In July 2009, the defendant began living and working in Austin, Texas, under the assumed name of J.W., a real person whom the defendant had previously met. The defendant provided J.W.'s name, date of birth, and Social Security Number xxx-xx-0202, without J.W.'s knowledge or permission, to two employers while he was working in Texas from July 2009 until October 2012. The defendant received pay checks and W-2 forms from those employers in

---

[1] Child erotica refers to materials or items that are sexually arousing to persons having a sexual interest in minors but that are not, in and of themselves, obscene or that do not necessarily depict minors in sexually explicit poses or positions.

5

J.W.'s name and with J.W.'s Social Security Number. The defendant knew that Social Security Number xxx-xx-0202 was assigned to J.W.

### I. Identity Theft

The defendant assumed the identity of R.W., a real person whom the defendant had met, sometime during 2012. On a date before April 20, 2012, in the state of Texas, the defendant used R.W.'s personal identifying information to fraudulently obtain a copy of R.W.'s birth certificate. On or about April 20, 2012, the defendant used R.W.'s personal identifying information, including his name and date of birth, to obtain an Arkansas driver's license in the name of R.W. On or about October 18, 2012, the defendant was issued a United States Passport and Border Crossing Card in the name of R.W. In addition, between approximately April 2012 and April 2013, using R.W.'s name, date of birth, and other personal identifying information, the defendant opened multiple bank accounts in R.W.'s name. The defendant took all of these actions without R.W.'s knowledge or permission.

### J. Passport Fraud

Using the United States Passport he fraudulently obtained in the name of R.W., the defendant flew from Miami, Florida, to Managua, Nicaragua, on October 24, 2012. Using the same passport, the defendant flew from Managua, Nicaragua, to Fort Lauderdale, Florida, on January 27, 2013, and back to Managua, Nicaragua, on February 11, 2013.

### K. Arrest and Discovery of Child Pornography

On or about April 20, 2013, the defendant was apprehended by Nicaraguan authorities. Numerous electronic items, including two laptop computers and multiple hard drives, belonging to the defendant were seized at that time. Law enforcement's forensic analysis of those items led to the location of child pornography on one of the laptop computers. Specifically, law

enforcement has identified approximately 7 videos and 1,140 images depicting child pornography, at least some of which was obtained by the defendant using peer-to-peer file-sharing software. There is evidence on the computer that the defendant was the primary or sole user of the computer and that he used the hard drive in the computer from at least July 2012, when he was living in Texas, until April 2013, when he was living in Nicaragua.

### L.     Post-Arrest Interview

The defendant was interviewed by the Federal Bureau of Investigation after his apprehension in Nicaragua. The defendant waived his <u>Miranda</u> rights and gave a statement. Among other things, the defendant admitted the following: the defendant took pornographic pictures of child victim 1 when he was the child's camp counselor; the defendant took pornographic pictures of child victim 2 on various occasions in D.C. and in Maryland; the defendant placed hidden air freshener cameras in a home and in a bathroom at the school in D.C.; the defendant took his key chain and the thumb drive containing child pornography with him when he left D.C. and ultimately abandoned it in his car in Minnesota; the defendant had access to a computer in Arizona; the defendant may have accessed child pornography while he was in Texas; the defendant fraudulently used the identities of J.W. and R.W., including using R.W.'s identity to fraudulently obtain various forms of identification.

### M.     Electronic Items Seized During Investigation

The following electronic items were seized during the course of the investigation:

- Seized from Beauvoir School (the defendant's classroom/closet) on various dates starting on June 9, 2008:
    - Extreme III SanDisk 2.0 GB Serial No. BE07132022992B;
    - 2 Olympus Digital Voice Recorders;
    - 3 Home Guard Digital Video Capture Cameras;
    - Digital Photo Key Chain;
    - Kingston Technology Memory Card;

- o Kingston Technology Hi Speed Reader;
- o Digital Video Camera;
- o HP Notebook Laptop Computer Serial No. 2CE7310CW8;
- o Sony Cyber-Shot Digital Camera Serial No. 587829;
- o Sony Cyber-Shot Digital Camera Serial No. 587861;
- o Sony Handy Cam Video Recorder Serial No. 340312;
- o Canon Digital Voice Recorder Serial No. 4711100817.

- Seized from a home where the defendant was staying prior to his disappearance, recovered on or about June 27, 2008:

  - o Pioneer XM Radio Receiver;
  - o New Sprint Phone in the box Serial # HEX A0000005406E1F.

- Seized from the car in Minnesota that the defendant abandoned in the airport in June 2008:

  - o Thumb drive on keychain.

- Seized from the defendant's home in Nicaragua on April 20, 2013:

  - o Canon digital camera;
  - o Seagate Hard Drive Serial No. 5VJC1L05;
  - o Seagate Hard Drive Serial No. 5YV00JQY;
  - o WD Hard Drive Serial No. WX91A92A3749 and HP laptop ;
  - o Plant First Hard Drive Serial No. SOY8NEAC404601 and HP laptop.

Respectfully submitted,
RONALD C. MACHEN JR.
UNITED STATES ATTORNEY

_____
Cassidy Kesler Pinegar
Assistant United States Attorney
555 Fourth Street, N.W.
Washington, D.C. 20530
(202) 252-7765
Cassidy.Pinegar@usdoj.gov

**DEFENDANT'S ACKNOWLEDGMENT**

I have read every page of this Statement of the Offense and have discussed this Statement of Offense with my attorney. I fully understand this Statement of the Offense. I agree and acknowledge by my signature that this Statement of the Offense is true and accurate. I do this voluntarily and of my own free will. No threats have been made to me nor am I under the influence of anything that could impede my ability to understand this Statement of the Offense fully.

Date: 12/12/13

Eric Justin Toth
Defendant

**ATTORNEY'S ACKNOWLEDGMENT**

I have read every page of this Statement of the Offense, and have reviewed this Statement of Offense with my client fully. I concur in my client's desire to adopt this Statement of the Offense as true and accurate.

Date: 12/12/13

Michelle Peterson, Esq.
Attorney for Defendant