AO 245B     (Rev. 09/11) Judgment in a Criminal Case
Sheet 1

**FILED**

# UNITED STATES DISTRICT COURT

District of Columbia

MAR 1 3 2014

Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

| UNITED STATES OF AMERICA | ) | **JUDGMENT IN A CRIMINAL CASE** |
| --- | --- | --- |
| v. | ) | |
| Eric Justin Toth | ) | Case Number: 13-cr-313 - (01) (RC) |
| | ) | USM Number: 32508-016 |
| | ) | Michelle M. Peterson |
| | ) | Defendant's Attorney |

**THE DEFENDANT:**

☑ pleaded guilty to count(s)  1-3, 4 and 5 of the Information filed on 11/14/13.

☐ pleaded nolo contendere to count(s) _____
   which was accepted by the court.

☐ was found guilty on count(s) _____
   after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
| --- | --- | --- | --- |
| 18 USC § 2251(a) | Production of Child Pornography | 7/20/2005 | 1 |
| 18 USC § 2251(a) | Production of Child Pornography | 5/14/2006 | 2 |
| 18 USC § 2251(a) | Production of Child Pornography | 8/23/2007 | 3 |

The defendant is sentenced as provided in pages 2 through __9__ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____

☑ Count(s)  in case 13 cr 321  ☐ is  ☑ are  dismissed on the motion of the United States.

   It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

3/11/2014
Date of Imposition of Judgment

_[signature]_
Signature of Judge

Rudolph Contreras, U.S. District Court Judge
Name and Title of Judge

March 12, 2014
Date

AO 245B     (Rev. 09/11) Judgment in a Criminal Case
              Sheet 1A

Judgment—Page __2__ of __9__

DEFENDANT: Eric Justin Toth
CASE NUMBER: 13-cr-313 - (01) (RC)

## ADDITIONAL COUNTS OF CONVICTION

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 42 USC § 408(a)(7)(B) | Misuse of a Social Security Number | 10/24/2012 | 4 |
| 18 USC § 1028(a)(6) | Identity Theft | 4/20/2013 | 5 |

AO 245B    (Rev 09/11) Judgment in Criminal Case
      Sheet 2 — Imprisonment

| | Judgment — Page 3 of 9 |
|---|---|

DEFENDANT: Eric Justin Toth
CASE NUMBER: 13-cr-313 - (01) (RC)

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of:

Three Hundred (300) months on each of Counts 1, 2, and 3, to run concurrently. Twenty Four (24) months on Counts 4 and 5, which shall run concurrently with Counts 1, 2, and 3.

☑ The court makes the following recommendations to the Bureau of Prisons:

The court notes that the defendant wishes to be designated to FCI Fort Dix.
The court recommends that the defendant be designated to the BOP institution most able to provide treatment for defendant's pedophilia.

☑ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

    ☐ at _____ ☐ a.m. ☐ p.m. on _____ .

    ☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

    ☐ before 2 p.m. on _____ .

    ☐ as notified by the United States Marshal.

    ☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

.

Defendant delivered on _____ to _____
a _____ , with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

AO 245B   (Rev 09/11) Judgment in a Criminal Case
          Sheet 3 — Supervised Release

Judgment—Page **4** of **9**

DEFENDANT: Eric Justin Toth
CASE NUMBER: 13-cr-313 - (01) (RC)

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of:

Lifetime of supervised release on each of Counts 1, 2, and 3. Thirty Six (36) months on Counts 4 and 5, to run concurrently with Counts 1, 2, and 3.

    The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

☐ The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. *(Check, if applicable)*

☑ The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. *(Check, if applicable)*

☑ The defendant shall cooperate in the collection of DNA as directed by the probation officer. *(Check, if applicable.)*

☑ The defendant shall comply with the requirements of the Sex Offender Registration and Notification Act (42 U.S.C. § 16901, *et seq.*) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which he or she resides, works, is a student, or was convicted of a qualifying offense. *(Check, if applicable)*

☐ The defendant shall participate in an approved program for domestic violence. *(Check, if applicable)*

    If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

    The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer in a manner and frequency directed by the court or probation officer;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

AO 245B    (Rev 09/11) Judgment in a Criminal Case
           Sheet 3A — Supervised Release

Judgment—Page 5 of 9

DEFENDANT: Eric Justin Toth
CASE NUMBER: 13-cr-313 - (01) (RC)

# ADDITIONAL SUPERVISED RELEASE TERMS

DNA Sample Requirement - Pursuant to 42 USC § 14135a, for all felony offenses, you shall submit to the collection and use of DNA identification information while incarcerated in the Bureau of Prisons, or at the direction of the US Probation Office.

Sex Offender Registration - Defendant shall comply with the Sex Offender Registration requirements
for convicted sex offenders in any state or jurisdiction where he resides, is employed, carry on a vocation or is a student.

Computer/Internet Restriction - Defendant shall not possess, use a computer, or have access to any online service without the prior approval of the United States Probation Office. Defendant shall identify all computer systems, internet capable devices, and similar memory and electronic devices to which he has access, and allow installation of a computer and internet monitoring program. Defendant is limited to possessing only one personal internet capacity computer or some other electronic device with internet capacity; Monitoring may include random examinations of computer systems along with internet, electronic, and media storage devices under his control. The computer system or device may be removed for a more thorough examination if necessary.

Contact Restriction - Defendant shall have no direct contact with minors (under the age of 18) without
the written approval of the probation officer, and shall refrain from loitering in any area where children frequently congregate including, but not limited to, schools, day care centers, theme parks, theaters, playgrounds, shopping malls, swimming areas, community recreation centers and arcades. Defendant can be in these places for a legitimate purpose (e.g. to shop, go to a movie, or go swimming).

Employment/Volunteer Restriction - Defendant shall not be employed or volunteer in any capacity that may
cause direct contact with children, except under circumstances approved in advance by the supervisory probation officer.

Sex Offender Assessment and Treatment - Defendant shall participate in a program of sex offender
assessment and treatment, as directed by the probation officer, until such time as he is released
from the program. This assessment and treatment shall include physiological testing such as polygraph, and penile plethysmograph (or the most technologically advanced tools available in the future) to assist in planning, case monitoring and supervision. Defendant shall waive his rights to confidentiality in treatment and sign any necessary releases for any records imposed as a consequence of this judgment to allow the supervisory probation officer to review his/her course of treatment and progress with the treatment provider. At the direction of the Probation Officer, defendant shall pay for all or a portion of any treatment program.

Search - Pursuant to the Adam Walsh Child Protection and Safety Act of 2006, defendant shall submit
to a personal search, search of property, house, residence, vehicle, papers, computer, other electronic communication or data storage devices or media, and effects at any time, with or without a
warrant, by any law enforcement or probation officer with reasonable suspicion that unlawful criminal conduct involving a minor is being conducted and/or by a probation officer concerning a violation of condition of supervision.

Residential Restriction - Defendant shall have all residences pre-approved by the US Probation Office. Defendant's residence may not be in close proximity to locations frequented by children, such as schools, playgrounds, public pools, and video galleries. Defendant shall not reside in a home where minor children also reside, without the permission of the US Probation Office.

Defendant shall not associate with any known sex offender or group.

**SEE PAGE #6 FOR FURTHER CONDITIONS**

AO 245B    (Rev 09/11) Judgment in a Criminal Case
           Sheet 3C — Supervised Release

Judgment—Page 6 of 9

DEFENDANT: Eric Justin Toth
CASE NUMBER: 13-cr-313 - (01) (RC)

# SPECIAL CONDITIONS OF SUPERVISION

## **CONDITIONS CONTINUED FROM PAGE #5**

Defendant shall not possess nor access, any materials depicting sexually explicit conduct, as defined in 18 U.S.C. Sec. 2256(2)(A)(i)-(v), depicting minors, including visual, auditory, telephonic, or electronic media, and computer programs or services. Defendant shall not patronize any place where such material is available. Defendant shall not use a computer, internet capable device, or similar electronic device to access pornography of any kind. This includes, but is not limited to, accessing pornographic websites, including websites depicting nude, or partially nude, minors. Defendant shall not use his computer, or other electronic device, to view depictions of sexually explicit conduct stored on related computer media, such as compact discs or DVD's, and shall not communicate via your computer, telephone, other electronic device, or in person, with any individual or group that promotes the sexual abuse of children.

Defendant shall disclose all online account information, including user names and passwords to the US Probation Office. Defendant shall also, if requested, provide a list of all software/hardware on his computer, as well as telephone, cable, or internet service provider billing records or any other information deemed necessary by the probation office to monitor his computer and telephone usage. Defendant shall provide the probation officer with access to any requested financial information for purposes of monitoring compliance with the imposed computer access/monitoring conditions.

AO 245B    (Rev. 09/11) Judgment in a Criminal Case
           Sheet 5 — Criminal Monetary Penalties

Judgment — Page __7__ of __9__

DEFENDANT: Eric Justin Toth
CASE NUMBER: 13-cr-313 - (01) (RC)

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

|  | **Assessment** | **Fine** | **Restitution** |
|---|---|---|---|
| TOTALS | $ 500.00 | $ 0.00 | $ 0.00 |

☐ The determination of restitution is deferred until _____ . An *Amended Judgment in a Criminal Case (AO 245C)* will be entered after such determination.

☐ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| **Name of Payee** | **Total Loss*** | **Restitution Ordered** | **Priority or Percentage** |
|---|---|---|---|
| TOTALS | $ 0.00 | $ 0.00 | |

☐ Restitution amount ordered pursuant to plea agreement  $

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

   ☐ the interest requirement is waived for the   ☐ fine   ☐ restitution.

   ☐ the interest requirement for the   ☐ fine   ☐ restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245B   (Rev 09/11) Judgment in a Criminal Case
         Sheet 6 — Schedule of Payments

Judgment — Page __8__ of __9__

DEFENDANT: Eric Justin Toth
CASE NUMBER: 13-cr-313 - (01) (RC)

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

**A** ☑ Lump sum payment of $ __500.00__ due immediately, balance due

  ☐ not later than _____ , or
  ☐ in accordance   ☐ C,   ☐ D,   ☐ E, or   ☐ F below; or

**B** ☐ Payment to begin immediately (may be combined with   ☐ C,   ☐ D, or   ☐ F below); or

**C** ☐ Payment in equal _____ *(e.g., weekly, monthly, quarterly)* installments of $ _____ over a period of _____ *(e.g., months or years)*, to commence _____ *(e.g., 30 or 60 days)* after the date of this judgment; or

**D** ☐ Payment in equal _____ *(e.g., weekly, monthly, quarterly)* installments of $ _____ over a period of _____ *(e.g., months or years)*, to commence _____ *(e.g., 30 or 60 days)* after release from imprisonment to a term of supervision; or

**E** ☐ Payment during the term of supervised release will commence within _____ *(e.g., 30 or 60 days)* after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

**F** ☑ Special instructions regarding the payment of criminal monetary penalties:

   Defendant is encouraged to make payments on the special assessment through his participation in the Bureau of Prisons' Inmate Financial Responsibility Program.  (Interest Waived)

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐ Joint and Several

   Defendant and Co-Defendant Names and Case Numbers *(including defendant number)*, Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following court cost(s):

☑ The defendant shall forfeit the defendant's interest in the following property to the United States:
   SEE PAGE #9 FOR LIST OF PROPERTY TO BE FORFEITED

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.

AO 245B    (Rev. 09/11) Judgment in a Criminal Case
              Sheet 6B — Schedule of Payments

Judgment—Page 9 of 9

DEFENDANT: Eric Justin Toth
CASE NUMBER: 13-cr-313 - (01) (RC)

## ADDITIONAL FORFEITED PROPERTY

Defendant Eric Toth shall forfeit the following property pursuant to an agreement with the United States:

Extreme III SanDisk 2.0 GB (Ser. No. BE07132022992B)
2 Olympus Digital Voice Recorders
3 Home Guard Digital Video Capture Cameras
Digital Photo Key Chain
Kingston Technology Memory Card
Kingston Technology Hi Speed Reader
Camera and Wires
HP Notebook Laptop Computer (Ser. No. 2CE7310CW8)
Sony Cybershot Digital Camera (Ser. No. 587829)
Sony Cybershot Digital Camera (Ser. No. 587861)
Sony Handycam Video Recorder (Ser. No. 340312)
Canon Digital Voice Recorder (Ser. No. 4711100817)
Pioneer XM Radio Receiver
New Sprint Phone (Ser. No. HEX A0000005406E1F)
Thumb Drive on Keychain
Canon Digital Camera
Seagate Hard Drive (Ser. No. 5VJC1L05)
Seagate Hard Drive (Ser. No. 5YV00JQY)
WD Hard Drive (Ser. No. WX91A92A3749) and HP Laptop
Plant First Hard Drive (Ser. No. SOY8NEAC404601) and HP Laptop